UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CIRA B. CARDONA

    Plaintiff,
v.

COMMODORE CLUB WEST, INC.
and EDUARDO VELOSA, individually,

    Defendants,
_____/

## COMPLAINT

COMES NOW the Plaintiff CIRA B. CARDONA by and through the undersigned counsel, and sues Defendants COMMODORE CLUB WEST, INC., and EDUARDO VELOSA, individually, and alleges:

### JURISDICTION AND VENUES

1. This is an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the expanded Family Medical Leave Act, (FMLA) or the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended;

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Dade County, within the jurisdiction of this Honorable Court.

### PARTIES

4. The Plaintiff CIRA B. CARDONA is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the expanded FMLA protections of the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

5. Defendant COMMODORE CLUB WEST, INC. (hereinafter COMMODORE CLUB, or Defendant) is a Florida Not for Profit Corporation having a place of business in Dade County, Florida. The Defendant was and is engaged in interstate commerce.

6. The individual Defendant EDUARDO VELOSA was and is now the President of the Board of Directors of Commodore Club West, Inc. This individual Defendant controlled Plaintiff's terms and conditions of employment and he was the employer of Plaintiff and others similarly situated within the meaning of the FFCRA.

## GENERAL ALLEGATIONS

7. Defendant COMMODORE CLUB is a private condominium association managing the Commodore Club West condominium located at 155 Ocean Lane Drive, Key Biscayne, Florida 33149.

8. Defendants COMMODORE CLUB and EDUARDO VELOSA employed Plaintiff CIRA B. CARDONA as a full time, non-exempted, hourly employee from approximately July 25, 2013, through December 01, 2020, or 7 years and 4 months.

9. Plaintiff worked as a housekeeping and maintenance employee of the Commodore Club condominium.

10. During her time of employment with Defendants, Plaintiff maintained a full-time position and she was paid at the wage rate of $13.12 an hour.

11. Throughout her employment with the Defendants, Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

12. Unfortunately, on or about November 08, 2020, Plaintiff got sick, she sought medical attention and she tested positive for COVID-19.

13. Plaintiff received orders from her physician to self-isolate and continue her treatment at home.

14. Plaintiff informed manager Niurka Munoz Romero about her condition, and the manager instructed Plaintiff to come back after she had 2 negative tests.

15. At all times during her sickness, Plaintiff informed her superiors EDUARDO VELOSA and Niurka Munoz Romero about her health condition.

16. On or about November 28, 2020, Plaintiff informed manager Niurka Munoz Romero that she already had 2 negative COVID-19 tests.  Manager Niurka Munoz Romero stated: "Ok, see you on Tuesday, December 01, 2020.

17. On or about December 01, 2020, Plaintiff arrived at work at 7:00 AM. Around 9:30 AM, manager Niurka Munoz Romero called Plaintiff to the lunchroom and informed her that she was fired. The manager stated that the Board President EDUARDO VELOSA did not want her in the building anymore because she had contracted the COVID-19 virus.

18. The Families First Coronavirus Response Act (FFCRA or Act) requires certain employers to provide their employees with paid sick leave and expanded family and medical leave for specified reasons related to COVID-19.

19. Defendants COMMODORE CLUB and EDUARDO VELOSA fired Plaintiff when she was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by her employer.

20. Defendants COMMODORE CLUB and EDUARDO VELOSA violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

21. Moreover, Defendants COMMODORE CLUB and EDUARDO VELOSA  violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

22. Defendants COMMODORE CLUB violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

23. As a direct and proximate cause of Defendants' willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

24. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act; and to

Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended.

### COUNT I:
### VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED

25. Plaintiff CIRA B. CARDONA re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-24 above, as if set out in full herein.

26. At all times relevant and material, the Defendants COMMODORE CLUB and EDUARDO VELOSA are employers under the FMLA, as defined in 29 U.S.C. § 2611(4).

27. Plaintiff CIRA B. CARDONA is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

28. Defendants COMMODORE CLUB and EDUARDO VELOSA employed Plaintiff CIRA B. CARDONA as a full time, non-exempted, hourly employee from approximately July 25, 2013, through December 01, 2020, or 7 years and 4 months.

29. Plaintiff worked as a housekeeper and maintenance employee at the Commodore Club condominium located at 155 Ocean Lane Drive, Key Biscayne, Florida 33149.

30. During her time of employment with Defendants, Plaintiff worked 5 days per week more than 40 hours weekly. Plaintiff was paid a wage rate of $13.12 an hour.

31. At all times material, Plaintiff was qualified to perform her job as a housekeeper and maintenance employee within the legitimate expectations of her employer.

32. Defendant COMMODORE CLUB is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA

33. Plaintiff had worked for COMMODORE CLUB for more than 30 days before her need for medical leave.

34. On or about November 08, 2020, Plaintiff got sick and she tested positive for COVID-19, and she was ill. Consequently, Plaintiff was covered by the FFCRA because: 1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19; 2) Plaintiff had been advised by a health care provider to self-quarantine related to COVID-19; 3) Plaintiff was under observation because of her COVID-19 diagnosis.

35. Defendant COMMODORE CLUB violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended by The Emergency Paid Sick Leave Act (EPSLA), which is Division E of the FFCRA, when it failed to pay Plaintiff up to 2 weeks or 80 hours of paid sick leave in specific circumstances related to the Plaintiff due to the COVID-19 diagnosis and therefore should be punishable under FLSA, 29 U.S.C. § 216 and 217.

36. Moreover, Defendant COMMODORE CLUB violated the FFCRA by discharging Plaintiff from her position based upon her positive COVID-19 diagnosis and orders from her physician to self-isolate and continue her treatment at home.

37. On or about March 27, 2020, the Defendants COMMODORE CLUB and EDUARDO VELOSA terminated Plaintiff, when she was cleared to return to work.

38. Defendants COMMODORE CLUB and EDUARDO VELOSA were fully aware of the health status of the Plaintiff by virtue of the regular updates that Plaintiff provided to Defendants.

39. After Plaintiff was cleared to return to work by physicians because of the concerns for her health regarding the positive COVID-19 diagnosis, she was unlawfully and retaliatorily terminated by her employers COMMODORE CLUB and EDUARDO VELOSA.

40. Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by her physicians, was the motivating factor behind her termination.

41. Pursuant to the FFCRA, the Defendant COMMODORE CLUB was prohibited from terminating Plaintiff for her physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

42. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

43. Defendants COMMODORE CLUB and EDUARDO VELOSA willfully and intentionally retaliated against Plaintiff by firing her.

44. The motivating factor which caused the Plaintiff's termination as described above was the emergency leave to treat her COVID-19 diagnosis. In other words, the Plaintiff would not have been discharged but for her positive COVID-19 test, the related self-isolation period, and the necessary time to heal.

45. At the times mentioned, the individual Defendants EDUARDO VELOSA was the President of the board of directors of COMMODORE CLUB. Defendant EDUARDO VELOSA was the employer of Plaintiff and others similarly situated within the meaning of the FFCRA.  In that, this individual Defendant acted directly in the interests of COMMODORE CLUB in relation to its employees, including Plaintiff and others similarly situated. Defendant EDUARDO VELOSA had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

46. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

47. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CIRA B. CARDONA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

B. Enter judgment against Defendants COMMODORE CLUB and EDUARDO VELOSA, that Plaintiff CIRA B. CARDONA recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CIRA B. CARDONA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CIRA B. CARDONA demands trial by a jury of all issues triable as of right by a jury.

Dated: December 29, 2020

Respectfully submitted,

By: __/s/ Zandro E. Palma____

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*